[No. 628.   Decided November 30, 1892.]

JOHN A. PARKER, *Respondent*, v. MATHIAS ESCH, MARY ESCH, AND BRIGETTA WEILER, *as guardian of Anna Catharine Ault, Appellants.*

APPEAL — STATEMENT OF FACTS — ATTORNEY AND CLIENT — RETENTION OF CLIENT'S PROPERTY — ACTION TO RECOVER — SPECIAL CONTRACT FOR COMPENSATION — BURDEN OF PROOF.

A statement of facts will not be stricken from the record on the ground that it does not contain all the facts, when the respondent had due notice of the intention to settle the statement of facts by setting out the testimony of a certain witness in full, and then saying that the testimony of other witnesses was substantially the same, and no objection thereto was made by him at the time of settlement.

Where money and notes secured by mortgage have been received by an attorney in settlement of a client's claim, one of the notes being made payable to the attorney, the whole property so received belongs, in the absence of some special agreement, to the client; and the client may intervene in a foreclosure suit brought by the attorney and secure a decree that the mortgage be foreclosed for her use and benefit.

In an action by a client to recover from an attorney a portion of the proceeds of a collection, which the attorney retained under an alleged contract that he was to have half of what was collected, the burden of proof is upon the attorney to establish the contract, and where the only evidence to support the contract is that of the attorney, which is directly contradicted by that of the client, whose testimony is confirmed by that of two other witnesses, the fair preponderance of the testimony is in the client's favor.

*Appeal from Superior Court, Pierce County.*

*Heilig & Hartman*, for appellants.

*John P. Reed*, for respondent.

The opinion of the court was delivered by

HOYT, J.— The motion to strike the statement of facts and dismiss the appeal, made by respondent, must be denied. The certificate, we think, fully complies with the requirements of the statute as heretofore construed by this court, and we are unable to agree with the contention of respondent, that the action of the court in settling the statement of facts by setting out the testimony of a certain witness in full, and then saying that the testimony of other witnesses was substantially the same, is such a departure from the requirements of the statute as will warrant us in striking the statement. It is doubtless true that either party had the right to have the testimony of all the witnesses as fully set out in the statement of facts as it was given in the court below, but when the respondent had due notice of the intention of the appellant to have the statement shortened, as was done in this case, and did not object thereto at the time of the settlement, he must be held to have consented to such abridgment of the statement. This, of course, would not be true if there had been no attempt made to set out substantially all the facts and testimony which were before the trial court. Under the circumstances presented by this record we think the respondent is not in a condition to have the statement stricken solely

for the reason that the testimony of these witnesses is not set out at length.

Respondent, as plaintiff, brought an action to foreclose a certain mortgage. The appellant was allowed by the court below to intervene, and filed her complaint in intervention, and sought to have the mortgage declared to be her property, and the plaintiff decreed to hold the same in trust for her use and benefit. Issues were duly made upon this complaint in intervention, and the cause regularly heard, and a decree rendered dismissing the complaint in intervention, and foreclosing the mortgage in favor of the plaintiff. The mortgage in question was given by the maker thereof in part settlement of a claim which the intervenor had against him. Such claim was for something over two thousand dollars, and was placed in the hands of the plaintiff by the intervenor for collection, and was compromised for the sum of nineteen hundred dollars, fifteen hundred dollars of which was to be paid by the execution of two mortgages, one for one thousand dollars, and one for five hundred dollars, and four hundred dollars was to be paid in money. The money was paid to the plaintiff. The mortgage for one thousand dollars was executed to the intervenor, and the mortgage in question in this action to the plaintiff, and both of them were delivered to him. This being the state of facts, it follows that, *prima facie*, both of said mortgages and the said four hundred dollars, when received by the plaintiff, were so received by him for the intervenor, and as her property. This is so evident that it needs no argument to establish the fact. The entire claim was that of the intervenor, and it would follow as a matter of course, until the contrary was made to appear, that whatever was paid in settlement thereof was so paid for her use and benefit, and at once became her property.

The plaintiff would have a claim for services growing out of the settlement of the account, but such claim would

be a personal one against the intervenor, and would not at all affect the question of the title to the money or property received by him in such settlement. The utmost use which he could make of the money and property so received would be to retain possession thereof by virtue of his lien thereon for such services until the same had been paid for by the intervenor. Plaintiff, to meet this contingency, offered proof tending to show that at the time he took the claim for collection it was agreed between him and said intervenor that he should have half of what he collected. If this claim on the part of the plaintiff is sustained by the proofs, it is possible that the decree of the trial court can be allowed to stand. If it cannot be so sustained, that part of the decree dismissing intervenor's complaint must be reversed, for, as we have seen, in the absence of some special agreement, the property received in the settlement would be that of the intervenor, and even although the services of the plaintiff had not been fully paid for, that fact would not transfer the title of the property from the intervenor to him. Hence, all the investigation of the lower court as to what was the reasonable value of the services of the plaintiff, in the absence of any contract in relation thereto, was out of place under the pleadings in the action, and can have no force in aid of the decree therein rendered.

The only question, then, which it is necessary for us to decide here is, as to whether or not the plaintiff established the said alleged special contract set up by him. The only proof offered by plaintiff to establish this agreement was his own testimony, and on the part of the intervenor there was introduced her own testimony directly contradicting that of the plaintiff in regard to the said alleged special agreement, and in addition thereto there was the testimony of two witnesses to statements made by the plaintiff at or near the time of the settlement which tended very strongly to contradict the direct testimony of the plaintiff, and

equally strongly to confirm that of the intervenor.   Under
these circumstances we are compelled to find that the special
contract was not established by the proofs.   The intervenor
seems to have a fair preponderance of the testimony in her
favor.   But the burden of proof was not upon her to neg-
ative the making of such special agreement; it was upon
the plaintiff to affirmatively establish the same.   And to us,
it seems clear that he has not done so.   Especially is this
true when to take into account the fact that this alleged
agreement was between an attorney and client, and the cir-
cumstances were such that the making thereof could only
be found upon clear proof.

Beside, even if the special agreement was entered into as
testified to by plaintiff, it is very doubtful whether that
alone would have authorized the plaintiff to have taken
this mortgage in his own name and claimed it as his prop-
erty, together with the four hundred dollars in cash, and
to have turned over to the intervenor only the one thou-
sand dollar mortgage.   Even in the light of the agreement
claimed by the plaintiff, good faith demanded that he should
have fully disclosed to the intervenor everything that he
had received in the settlement of her claim, and allowed
her with full knowledge of the facts to have participated
with him in the division thereof.   His own testimony shows
that he did nothing of the kind.   He arbitrarily set aside
for her use the one thousand dollar mortgage, and told her
that was all she could get, and did not at all disclose to
her the fact that he had received in addition this five hun-
dred dollar mortgage and four hundred dollars in cash.
It may well be supposed that a woman in the circumstances
in which this intervenor was placed, as shown by the record,
would have preferred to have taken the smaller mortgage
and the four hundred dollars in cash rather than to have
taken the mortgage which was awarded her.   All the acts
of the plaintiff tended to show that he did not treat the in-

tervenor as a lawyer should have treated a client of the class to which she belonged. On the whole record it is clear to us that this mortgage should be held to be the property of the intervenor.

The decree adjudging otherwise must be set aside, and the cause remanded to the court below with instructions to enter a decree foreclosing the mortgage in the name of the plaintiff, but for the use and benefit of the intervenor. Appellant to recover costs in this court.

ANDERS, C. J., and SCOTT, DUNBAR and STILES, JJ., concur.